**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Nahun NAVARRO–MEJIA,**
**Defendant—Appellant.**

No. 04–30323.

D.C. No. CR–04–00215–TSZ.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Donald M. Reno, Jr., Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carol A. Elewski, Esq., East Olympia, WA, for Defendant–Appellant.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Nahun Navarro–Mejia appeals from his sentence imposed following his guilty plea conviction for unlawful entry by eluding Immigration, in violation of 8 U.S.C. § 1325(a)(2).

Navarro–Mejia contends that the district court violated his constitutional rights in making an upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(i) for a prior drug trafficking offense. Specifically he argues that a jury should have determined the nature of his prior conviction and its temporal relationship to the immigration proceeding. This court has continued to hold after *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 752, 160 L.Ed.2d 621 (2005), that an enhancement under 2L1.2 does not implicate the Sixth Amendment. *United States v. Moreno–Hernandez,* 419 F.3d 906, 914 n. 8 (9th Cir.2005). Moreover, Navarro–Mejia acknowledged in his plea agreement that his aggravated felony conviction was premised on a state court judgment for delivery of cocaine, with a sentence imposed of fifteen months.

Because Navarro–Mejia was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially

---

996

different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See Moreno–Hernandez at* 914 (extending *Ameline's* limited remand procedure to cases involving non-constitutional *Booker* error).

REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.